J-S27008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEAN REEDY | : | |
| | : | |
| Appellant | : | No. 287 MDA 2023 |

Appeal from the Judgment of Sentence Entered January 20, 2023
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0000515-2021

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

CONCURRING STATEMENT BY BOWES, J.:      **FILED: DECEMBER 12, 2023**

I fully join my colleagues' reasoning in vacating Appellant's judgment of sentence and remanding for resentencing.  I write separately merely to note two things.  First, I believe the worksheet cited by the Commonwealth, **see** Commonwealth's brief at 9, is a reference to the Guideline Sentence Form, which is included within the certified record.  Nonetheless, I wholly agree with the majority that the section within the worksheet ascribing a "one" to M-1 offenses that, vaguely, "involv[e] children," is inconsistent with the Sentencing Code as it pertains to COM.  **See** Majority at 5 n.1; **see also** 204 Pa. Code 303.7 (listing M-1 offenses that "involve death or danger to children" and that count as a "one," of which COM is not included).  Second, because this Court is without the benefit of the PSI report, we cannot ascertain under which subsection of the COM statute Appellant was convicted.  **See** 204 Pa. Code 303.15 (listing standard COM offenses, 18 Pa.C.S. § 6301(a)(1)(i), as

M-1 and counting as "m" for prior record purposes, while listing COM with a course of conduct of a sexual nature, § 6301(a)(1)(ii), as F-3 and a "one"). Regardless, there is no dispute that Appellant's COM conviction was graded as an M-1 and, therefore, for the same reasons as aptly explained by the majority, I agree that the trial court erred when it applied a "one" to that conviction.

P.J.E. Bender and Judge Sullivan join this Concurring Statement.